**UNITED STATES of America,
Appellee,**

v.

**Leonard MAISTROW et al., Appellants.**

**Nos. 309–312, Dockets 71–1807, 71–1809,
71–1811, 71–1860.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 17, 1971.

Decided Nov. 24, 1971.

ning tickets to the "twin double" at Yonkers Raceway, and procured the services of a third person to complete and sign a verification form required by the track before it would pay the proceeds of such tickets. This form was used by the track in compiling a United States Information Return (Form 1099) for the Internal Revenue Service, which could use the form to check on a taxpayer's income. Appellants were in essence charged with causing the falsification of this Form 1099. Their principal claims on appeal are that there was insufficient evidence of their intent, since there was no direct evidence that they knew of the use to which the verification forms would be put, and that the Forms 1099 were not false because they reflected the person to whom the track in fact paid the proceeds. As to the appellants' knowledge and intent, there was evidence that they were sophisticated gamblers, that they paid very large commissions to the "cashers," and that the practice of hiring others to cash tickets in order to conceal income was widespread and well-known. From this the jury could easily infer that appellants must have known what they were doing and have intended to defraud the government. Our *per curiam* decisions in United States v. Kessler, 449 F.2d 1315 (2d Cir. 1971) and United States v. Haimowitz, 404 F.2d 38 (2d Cir. 1968), which upheld convictions for identical schemes, are helpful in this case.

The contention that the form was not false because the track in fact paid the proceeds to the "cashers" is frivolous and requires no comment.

Appellants also urge reversal because of the excessive delay between the acts charged and the indictment. This contention must be rejected because appellants have not alleged or shown the

Robert B. Fiske, Jr., New York City, for appellants Maistrow and Zaroff.

Moses Polakoff, New York City, for appellant Minsky.

Albert J. Krieger, New York City, for appellant Wilensky.

Rudolph W. Giuliani, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Howard Wilson, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, HAYS and MULLIGAN, Circuit Judges.

PER CURIAM:

Appellants appeal their convictions, after a jury trial, on two counts of violating 26 U.S.C. § 7206(2) (1970); [1] appellants received suspended prison sentences, were sentenced to probation for varying periods, and fined. We affirm the convictions.

The uncontested facts are that appellants, on two occasions, held win-

1. 26 U.S.C. § 7206(2) (1970) reads in part:

"Any person who—

. . . . .

Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, . . .

. . . . .

shall be guilty of a felony . . . . ."

requisite prejudice. See, e. g., United States v. Parrott, 425 F.2d 972 (2d Cir.), cert. denied, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).